# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEIA TECHNOLOGIES LLC, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THEIA GROUP, INC. *et al.*, | : | |
| *Defendants* | : | No. 20-097 |

## MEMORANDUM

PRATTER, J.                                                                                           FEBRUARY 23, 2021

By order dated February 10, 2021, this Court found that Plaintiff, Theia Technologies, LLC met the required elements for preliminary injunctive relief. Doc. No. 82. Specifically, after extensive rounds of briefing from the parties, this Court found that Technologies demonstrated a likelihood of success on the merits and irreparable harm from Defendants Theia Group, Inc. and Theia Holdings A, Inc.'s simultaneous use of the "THEIA" mark while operating in overlapping markets.[1] *See generally Theia Techs. LLC v. Theia Grp., Inc*, No. CV 20-97, 2021 WL 291313 (E.D. Pa. Jan. 28, 2021). The Court held conferences with the parties on February 1 and 4 and requested supplemental briefing regarding the particular known uses of allegedly infringing marks. During those conferences, the Court stated for the parties the general framing of the injunction, including articulating the various uses in trade or commerce Group could expect to see prohibited for duration of the injunction. Counsel confirmed their understanding and, at least at that time, did not oppose or otherwise push back on the Court's intentions. Moreover, the Court emphasized that it was not requiring Group to formally change its company name with any governmental agency, including with the Delaware Secretary of State.

---

[1] To assist the reader, this Memorandum refers to Plaintiff as "Technologies" and Defendants as "Group."

After a careful review of the parties' written submissions, the Court entered an Order which enjoined Group from "imitating, copying, using, reproducing, and/or displaying the THEIA and T THEIA marks and design on and/or in" websites, social media, advertising and marketing, and filings and communications with the United States Government and its agencies, among other things. Doc. No. 82. This Order became effective on February 17, 2021 when Technologies posted the requisite bond.

Group now moves to stay the entire preliminary injunction pending appeal. In the alternative, Group asks that the injunction be amended to allow it to file and communicate with the Government and its agencies using the THEIA mark in its name.

Relevant here, the Court has discretion to "suspend, modify, restore or grant" an injunction during the pendency of an appeal from an interlocutory judgment granting an injunction. Fed. R. Civ. P. 62(c). When considering whether to grant a stay pending appeal, the Court considers (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) the effect of a stay on other interested parties, including whether they will be substantially injured; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Group contends every factor weighs in its favor. The Court cannot agree. Group's motion to stay does not raise any new grounds that the Court did not already consider.

For the reasons set forth in this Court's memorandum granting in part the preliminary injunction, the Court found—at the preliminary injunctive stage—that Technologies was likely to succeed on the merits of its infringement claim. The "earlier finding that Plaintiffs have a likelihood of success on the merits precludes the Court from finding that, for purposes of this motion, Defendants have likelihood of success on the merits on the same issue." *CNB Fin. Corp.*

*v. CNB Cmty. Bank (IO)*, No. CIV.A. 03-6945, 2004 WL 2414842, at *1 (E.D. Pa. Oct. 26, 2004) (citing *Dunkin' Donuts, Inc. v. Liu*, No. CIV. A. 00-3666, 2001 WL 111610, at *1 (E.D. Pa. Feb. 1, 2001)). To be clear, insofar as Group disagrees with the Court's finding that the parties' goods and services were related enough to warrant relief, the Court appreciates that Group is not literally in the business of selling satellites. But it is undisputed that Group is constructing a satellite network, the components of which will bear the THEIA mark, as Group's own witnesses testified to. Group is welcome to present the evidence it relies on here at the hearing on the merits for a permanent injunction, where the standard for relief differs from that of a preliminary injunction, and where the parties will have concluded all discovery.

At the time the Court entered its order, as now, the Court factored in that one such use in trade or commerce was in its Government filings and communications. In their position papers regarding the bond amount, Group represented that, if it could not use the company name during the pendency of the injunction, "it will need to amend the documents" and "re-file required amended documents." In granting in part the preliminary injunction, the Court was clear that it was not granting Technologies mandatory relief. Thus, it was not obligating Group to claw back media coverage, re-file documents, or otherwise engage in conduct with retroactive effect. To the extent the parties require clarity, the portion of the injunction governing Group's communications with the Government and its agencies discusses only future filings and correspondence.

Group's assertions that it will suffer irreparable harm were likewise considered by this Court. Indeed, at the preliminary injunction hearing, Group represented that it would not lose its "most valuable asset"—its licenses—were it required to change its name. Group now bases its present motion on the speculative risk that the inability to use its name—which includes the allegedly infringing mark—on future filings with the Government will bring about a parade of

horribles, including the inability to launch the satellites. The Court is not persuaded by this about-face, particularly in light of the testimony Group presented at the hearing. And, as the Court previously found, Group's "regulatory wounds . . . are self-inflicted." *Theia*, No. CV 20-97, 2021 WL 291313, at *33 (E.D. Pa. Jan. 28, 2021) (internal citation omitted).

The Court found that preliminary relief was warranted to protect Technologies. Group asks the Court to reverse entirely this finding, but it raises no new arguments to justify a flip-flop two weeks later.

Finally, Group argues that the public will be harmed if its satellite network launch is delayed—or worse—denied. As the Court made plain in its prior ruling, the injunction does not prohibit Group from continuing to engage in its core business. *Id.* at *33. The injunction does not prevent Group's mission to digitize the Earth and to provide data analytic services. For the pendency of the injunction, it merely prohibits Group from using the THEIA mark in conjunction with such galactic endeavors.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Group's motion to stay pending appeal. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE