IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEIA TECHNOLOGIES LLC,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **THEIA GROUP, INC.** *et al.*, *Defendants* | : : : | **No. 20-097** |

## MEMORANDUM

PRATTER, J.                                                                                    JUNE 24, 2021

In advance of the parties' bench trial, Technologies moves to preclude Group from presenting evidence and argument on its revenues, profits and costs. Technologies bases its motion on a recently produced unredacted financial document that it contends is "irreconcilably inconsistent" with the financial picture Group presented to the Court earlier this year. For the reasons that follow, the Court denies Technologies' motion *in limine*.

### BACKGROUND

As is routine for these particular parties, no dispute is too small to not warrant motion practice. Although the parties have been engaged in informal discovery since February 2020 and formal discovery since August 2020, the current dispute arises out of a document that Group produced on June 14—two weeks before the bench trial is noticed to begin. Technologies' earlier motion for a preliminary injunction is the genesis of this motion *in limine*.

The Court granted in part Technologies' motion for a preliminary injunction in February 2021. Doc. No. 82. As part of that order, the Court requested that the parties submit position papers as to the appropriate amount of bond to be set. Group submitted a declaration of its CEO, Erlend Olson, which broadly discussed Group's financials and what it believed to be a basis for

1

the requested bond amount.[1] Mr. Olson's declaration noted the then-current assets and liabilities. Doc. No. 77-1 ¶7. Group also submitted, among other things, a copy of Group's interim balance sheet current through December 2020, which corroborated Mr. Olson's declaration, and an income statement reflecting financial years 2018, 2019, and year-to-date 2020.[2] Doc. No. 77-2.

After reviewing the parties' submissions, the Court exercised its discretion to set an appropriate bond amount of $250,000. The Court then held several conferences with the parties to discuss an expedited timeline to hold a trial. Both parties represented that they would be available for trial in June 2021. At that time, the parties had been engaged in formal discovery for more than six months. To assist the parties in resolving their ongoing discovery disputes, the Court appointed a Special Discovery Master.

On June 14, following a meet and confer with the Special Discovery Master, Group produced an unredacted copy of its consolidated financial statements, which it seems was prepared by a different auditor than the financial statements submitted in February. That night, Technologies filed a motion *in limine* to preclude Group from introducing testimony or evidence to support any claim that its financial position differed from what Group represented in February. That is because Technologies believes that the financial statements are inconsistent.

---

[1] Group's response in opposition to the motion misstates its requested amount of bond by a decrease of one order of magnitude.

[2] Portions of the Olson declaration and the entirety of Exhibit 1 were placed under seal pursuant to Court order. Doc. No. 80. In light of its prior Order and the parties' Protective Order, Doc. No. 27, and for purposes of this Memorandum, the Court need only discuss the contents of these documents at the highest levels of generality.

The Court notes that Group's response in opposition to the motion references information that was otherwise previously sealed. Group did not file a motion to seal all or part of its response.

LEGAL STANDARD

The Court has inherent authority to manage its cases. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Accordingly, the Court exercises its discretion to rule *in limine* on evidentiary issues when appropriate. *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). A motion *in limine* "is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). It may also be appropriate for the Court to consider a motion *in limine* when it is more efficient to rule prior to trial and the pretrial motion facilitates more thorough briefing than would likely be available during the course of trial. *Japanese Elec.*, 723 F.2d at 260.[3]

DISCUSSION

Technologies asks the Court to preclude Group from presenting evidence and argument on its revenues, profits, and costs, citing the doctrine of judicial estoppel. For judicial estoppel to apply, Technologies must show that Group has (1) "taken two positions that are irreconcilably inconsistent, (2) [ ] changed [its] position in bad faith (*i.e.*, with intent to play "fast and loose" with the courts), and (3) there is no lesser sanction that will adequately remedy the damage done by the litigant's misconduct." *Haines & Kibblehouse, Inc. v. Balfour Beatty Const., Inc.*, 789 F. Supp. 2d 622, 632 (E.D. Pa. 2011), *aff'd sub nom. Haines & Kibblehouse, Inc. v. Balfour Beatty Constr., Inc.*, 553 F. App'x 246 (3d Cir. 2014) (citing *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v.*

---

[3] The Court notes the stunning similarity (that is to say, virtually verbatim recitation) between the Court's typical published discussion of the standard for a motion *in limine* and the language in Technologies' supporting brief. Although imitation may be the sincerest form of flattery, the Court reminds the members of the bar that appropriating language without attribution is unacceptable even if counsel skips the step of independent research.

*Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003)). Technologies stumbles at the threshold of showing that Group's positions have actually been "irreconcilably inconsistent."

To understand why, a basic review of the terminology used in financial statements is warranted. A balance sheet is a snapshot in time that reflects its assets, liabilities and shareholders' equity. Using double-entry bookkeeping, assets are listed on the left side column of the sheet and its liabilities and equities on the right. Both columns sum out to the same amount. Although the information in a balance sheet signals whether a company is profitable or struggling, there is no line item for "profits." For that information, companies issue income statements, or profit and loss statements, which will show whether a company made or lost money. Unlike balance sheets, profit and loss statements are not a snapshot in time, but rather show the company's change in position over time. And, although a balance sheet will reveal whether a company can meet its financial obligations, it is the income statement that reveals whether the company's performance.

To the extent Technologies moves on the basis that the assets Group represented in its February bond briefing are somehow inconsistent with the revenues listed in the June production, this is a comparison of apples and oranges. As noted above, they are recorded on separate financial statements that serve different purposes. Critically, although Group has represented that it is a valuable company, that is still different than describing itself as a profitable one. So, the Court finds no inconsistency on the basis that Group represented a certain numerical valuation of its company as of February 2021. Nor are the two balance sheets in each production necessarily incompatible because they reflect two snapshots of the company roughly a year apart. Indeed, a company's balance sheet might change over the course of a year because the company engaged in fundraising, acquired long-term assets, such as intellectual property and licenses, and booked accounts receivable.

However, to the extent that the two income statements reflect different amounts of revenue for 2019 and different net profits/losses for 2019, the Court recognizes that this is an inconsistency. But to justify the sanctions requested, the relevant inquiry here is whether the inconsistency is "irreconcilable." The Court is without information to make such a finding. The statements appear to have been prepared by two different auditors. It is not clear whether these auditors used different accounting principles to arrive at different revenue and profit/loss inputs. Moreover, both income statements for 2019 reflect the same directional trend, even if the amounts do differ.

To be sure, the Court is troubled by Group's unexplained failure to produce the statements in question until June 14. To address this eleventh-hour development, the Court recently granted Technologies' emergency motion to compel a deposition to question a corporate representative from Group to explain the production, as well as answer questions about Group's financial statements, including actual or potential revenues, costs and profits.

At trial, the parties are free to introduce testimony regarding Group's financial health. Insofar as Technologies believes that the consolidated financial statements produced on June 14 materially differ from those produced in February, Technologies is welcome to pursue this line of inquiry.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Technologies' motion *in limine*. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE